FILED by ___TM___ D.C.
ELECTRONIC

Feb 18, 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 14-80031-CR-MARRA/MATTHEWMAN

CASE NO. _____

18 U.S.C. § 641
18 U.S.C. § 1030(a)(2)(B)
18 U.S.C. § 1001(a)(1)
31 U.S.C. § 5324(a)(3)
18 U.S.C. § 1425(a)

UNITED STATES OF AMERICA

vs.

CHRISTOPHER R. GLENN,

       Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At certain times relevant to this Indictment:

1.      Joint Task Force Bravo (JTF-B) was a military unit of the United States Southern Command within the United States Department of Defense, which was responsible for conducting military operations in Central and South America and the Caribbean, in order to achieve U.S. national security objectives.

2.      The defendant, **CHRISTOPHER R. GLENN**, was a United States citizen who worked as a computer network system administrator and contractor for Harris Corporation at JTF-B, located at Soto Cano Air Base in Honduras.

3.     The duty of defendant **CHRISTOPHER R. GLENN** as a computer network system administrator at JTF-B was to implement operating system software in JTF-B's computer network system.

## COUNT 1
### (Theft of Government Property)
### (18 U.S.C. § 641)

1.     The General Allegations set forth in paragraphs 1-3 of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.     On or about June 17, 2012, at Soto Cano Air Base, Honduras, with Palm Beach County in the Southern District of Florida being the district of the last known residence of the defendant, the defendant,

### CHRISTOPHER R. GLENN,

did knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another a record and thing of value of the United States, and of a department and agency thereof, with an aggregate value exceeding $1,000, namely, electronic documents in a file labeled "JTFB PST.pst", taken from an e-mail account of the JTF-B Commander, belonging to the United States Department of Defense, in violation of Title 18, United States Code, Section 641.

## COUNT 2
### (Computer Intrusion)
### (18 U.S.C. § 1030(a)(2)(B))

1.     The General Allegations set forth in paragraphs 1-3 of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.     On or about June 17, 2012, at Soto Cano Air Base, Honduras, with Palm Beach County in the Southern District of Florida being the district of the last known residence of the defendant, the defendant,

**CHRISTOPHER R. GLENN,**

did knowingly and intentionally exceed authorized access to a computer, that is, the computer system containing electronic files of the JTF-B Commander, and thereby obtained information from a department and agency of the United States, that is, the Department of Defense, specifically, electronic documents in a file labeled "JTFB PST.pst", taken from an e-mail account of the JTF-B Commander, in violation of Title 18, United States Code, Section 1030(a)(2)(B).

3.     Pursuant to Title 18, United States Code, Section 1030(c)(2)(B)(iii), it is further alleged that the information obtained had a value exceeding $5,000.

4.     Pursuant to Title 18, United States Code, Section 1030(c)(2)(B)(ii), it is further alleged that the offense was committed in furtherance of a criminal and tortious act in violation of the laws of the United States, that is, knowingly and willfully embezzling, stealing, purloining, and converting to his use and the use of another a record and thing of value in excess of $1,000 of the United States, in violation of Title 18, United States Code, Section 641, as alleged in Count 1.

## COUNT 3
### (False Statement)
### (18 U.S.C. § 1001(a)(1))

1.     The General Allegations set forth in paragraphs 1-3 of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.     On or about July 30, 2012, at Soto Cano Air Base, Honduras, with Palm Beach County in the Southern District of Florida being the district of the last known residence of the defendant, in a matter within the jurisdiction of the Department of Defense, a department of the executive branch of the Government of the United States, the defendant,

3

**CHRISTOPHER R. GLENN,**

did, knowingly and willfully, by trick, scheme and device, falsify, conceal and cover up a material fact, in that the defendant represented to a JTF-B technician that he had given to the technician his unclassified computer hard drive that was involved in a potential malware incident, when in truth and in fact, and as the defendant then and there well knew, the defendant had not given to a JTF-B technician his unclassified computer hard drive that was involved in a potential malware incident, in violation of Title 18, United States Code, Section 1001(a)(1).

**COUNT 4**
**(Structuring Financial Transactions)**
**(31 U.S.C. § 5324(a)(3))**

On or about August 31, 2012, in Palm Beach County, in the Southern District of Florida, the defendant,

**CHRISTOPHER R. GLENN,**

did knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, structure and assist in structuring, and attempt to structure and assist in structuring transactions with a domestic financial institution, as set forth below:

| Bank Branch Location | Financial Transaction |
|---|---|
| Bank of America, Okeechobee & Jog | Cash withdrawal in the amount of $5,000.00 |
| Bank of America, Okeechobee & Jog | Cash withdrawal in the amount of $4,500.00 |
| Bank of America, Palm Beach Lakes | Cash withdrawal in the amount of $7,500.00 |
| Bank of America, Crosstown Plaza | Cash withdrawal in the amount of $7,500.00 |
| Bank of America, Crosstown Plaza | ATM cash withdrawal in the amount of $700.00 |
| Bank of America, Crosstown Plaza | ATM cash withdrawal in the amount of $800.00 |
| Bank of America, Crosstown Plaza | ATM cash withdrawal in the amount of $700.00 |
| Bank of America, Crosstown Plaza | ATM cash withdrawal in the amount of $800.00 |

In violation of Title 31, United States Code, Section 5324(a)(3), and Title 18, United States Code, Section 2.

## COUNT 5
**(Structuring Financial Transactions)**
**(31 U.S.C. § 5324(a)(3))**

On or about September 19, 2012, in Palm Beach County, in the Southern District of Florida, the defendant,

## CHRISTOPHER R. GLENN,

did knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, structure and assist in structuring, and attempt to structure and assist in structuring transactions with a domestic financial institution, as set forth below:

| Bank Branch Location | Financial Transaction |
|---|---|
| Bank of America, Crosstown Plaza | Cash withdrawal in the amount of $8,500.00 |
| Bank of America, Crosstown Plaza | Cash withdrawal in the amount of $2,500.00 |
| Bank of America, Okeechobee & Jog | ATM cash withdrawal in the amount of $800.00 |
| Bank of America, Okeechobee & Jog | ATM cash withdrawal in the amount of $700.00 |
| Bank of America, Okeechobee & Jog | ATM cash withdrawal in the amount of $800.00 |
| Bank of America, Okeechobee & Jog | ATM cash withdrawal in the amount of $700.00 |
| Bank of America, Okeechobee & Jog | Cash withdrawal in the amount of $1,700.00 |

In violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2.

## COUNT 6
### (Naturalization Fraud)
### (18 U.S.C. § 1425(a))

On or about April 20, 2007, with Palm Beach County in the Southern District of Florida being the district of the last known residence of the defendant, the defendant,

## CHRISTOPHER R. GLENN,

did knowingly attempt to procure naturalization, and evidence of naturalization and citizenship for another person, contrary to law, in that the defendant represented that he was divorced from "M.T.A." on December 20, 2006, when in truth and in fact, and as he then and there well knew, he was not divorced from "M.T.A." on December 20, 2006, in violation of Title 18, United States Code, Sections 1425(a) and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **CHRISTOPHER R. GLENN**, has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 641, as alleged in this Indictment, the defendant, **CHRISTOPHER R. GLENN**, shall forfeit to the United States of America all of his right, title and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      Upon conviction of a violation of Title 18, United States Code, Section 1030(a)(2)(B), as alleged in this Indictment, the defendant, **CHRISTOPHER R. GLENN**, shall forfeit to the United States of America all of his right, title and interest in any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2).

5.      Upon conviction of a violation of Title 31, United States Code, Section 5324(a)(3), as alleged in this Indictment, the defendant, **CHRISTOPHER R. GLENN**, shall forfeit to the United States of America all of his right, title and interest in all property, real or personal, involved in such violation, and in any property traceable thereto, pursuant to Title 31, United States Code, Section 5317(c)(1)(A).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 982(a)(2),

Title 31, United States Code, Section 5317(c)(1)(A), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

RICARDO A. DEL TORO
ASSISTANT UNITED STATES ATTORNEY

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

CHRISTOPHER R. GLENN,

_____ **Defendant.** ____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)

| | | New Defendant(s) | Yes _____ | No _____ |
|---|---|---|---|---|
| ____ Miami | ____ Key West | Number of New Defendants | _____ | |
| ____ FTL | _X_ WPB ____ FTP | Total number of counts | _____ | |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)    No
   List language and/or dialect  _____

4. This case will take   11-20   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

(Check only one)

| | | | | (Check only one) | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | | Petty | _____ |
| II | 6 to 10 days | _____ | | Minor | _____ |
| III | 11 to 20 days | _X_ | | Misdem. | _____ |
| IV | 21 to 60 days | _____ | | Felony | _X_ |
| V | 61 days and over | _____ | | | |

6. Has this case been previously filed in this District Court?   (Yes or No)     No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?     (Yes or No)     No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)     No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?     Yes   _X_  No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____    Yes   _X_  No

_____
RICARDO A. DEL TORO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 957585

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **Christopher R. Glenn**

**Case No**:

Count #:1

Theft of Government Property

18 U.S.C. § 641

**\*Max. Penalty:** 10 years' imprisonment

Count #: 2

Computer Intrusion

18 U.S.C. § 1030(a)(2)(B)

**\*Max. Penalty:** 5 years' imprisonment

Count #: 3

False Statement

18 U.S.C. § 1001(a)(1)

**\*Max. Penalty:** 5 years' imprisonment

Count #: 4

Structuring Financial Transactions

31 U.S.C. § 5324(a)(3)

**\*Max. Penalty:** 5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **Christopher R. Glenn**

**Case No**:

Count #: 5

Structuring Financial Transactions

31 U.S.C. § 5324(a)(3)

**\*Max. Penalty:** 5 years' imprisonment

Count #: 6

Naturalization Fraud

18 U.S.C. § 1425(a)

**\*Max. Penalty:** 10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**