# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. <u>14-80031-CR-MARRA/MATTHEWMAN(s)(s)</u>

18 U.S.C. § 793(e)
18 U.S.C. § 641
18 U.S.C. § 1030(a)(1) and (a)(2)(B)
31 U.S.C. § 5324(a)(3)
18 U.S.C. § 371
18 U.S.C. § 1425(a)
18 U.S.C. § 1512(c)(2)

**UNITED STATES OF AMERICA**

vs.

**CHRISTOPHER R. GLENN, and
KHADRAA A. GLENN,**

**Defendants.**

_____/

FILED by ____ D.C.

JUL 1 5 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At certain times relevant to this Second Superseding Indictment:

1.      Joint Task Force Bravo (JTF-B) was a military unit of the United States Southern Command within the United States Department of Defense, which was responsible for conducting military operations in Central and South America and the Caribbean, in order to achieve United States national security objectives.

2.      Defendant **CHRISTOPHER R. GLENN** was a United States citizen who worked as a computer network system administrator and contractor for Harris Corporation at JTF-B, located at Soto Cano Air Base in Honduras.

3.     The duty of defendant **CHRISTOPHER R. GLENN** as a computer network system administrator at JTF-B was to implement operating system software in JTF-B's computer network system.     The JTF-B computer network system consisted of both unclassified and classified computer terminals.     The classified computer terminals contained classified information.

4.     Classified information is defined by Executive Order No. 13526, 75 Fed. Reg. 707 (January 5, 2010), as information in any form that (1) is owned by, produced by or for, or under the control of the United States government; (2) falls within one or more of the categories of information set forth in the order; and (3) is classified by an original classification authority who determines that its unauthorized disclosure reasonably could be expected to result in damage to the national security.

5.     Under the executive order, the designation "SECRET" shall be applied to information, the unauthorized disclosure of which could reasonably be expected to cause serious damage to the national security.

6.     Pursuant to the executive order, classified information can generally only be disclosed to those persons who have been granted an appropriate level United States government security clearance and possess a need to know the classified information in connection to their official duties.

7.     As a computer network system administrator and contractor for Harris Corporation at JTF-B at Soto Cano Air Base, defendant **CHRISTOPHER R. GLENN** held a SECRET security clearance. As a condition of his security clearance, defendant **CHRISTOPHER R. GLENN** had signed classified information nondisclosure agreements with the United States, acknowledging that "unauthorized retention of classified information . . .

2

could cause damage or irreparable injury to the United States or could be used to the advantage of a foreign nation." Defendant **CHRISTOPHER R. GLENN** also acknowledged and agreed in these nondisclosure agreements that he "shall return all classified materials which have, or may come into my possession . . . upon the conclusion of my employment or relationship with the Department or Agency that . . . provided me access to classified information."

8.      Co-defendant **KHADRAA A. GLENN** was an Iraqi-born Australian citizen who purportedly married defendant **CHRISTOPHER R. GLENN**, worked for the Australian government, and became a naturalized United States citizen based on the purported marriage.

## COUNT 1
### (Unauthorized Possession and Willful Retention of National Defense Information)
### (18 U.S.C. § 793(e))

1.      The General Allegations set forth in paragraphs 1-7 of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.      On or about June 17, 2012, at Soto Cano Air Base, Honduras, with Palm Beach County in the Southern District of Florida being the district where the defendant was arrested and the district of the last known residence of the defendant, the defendant,

### CHRISTOPHER R. GLENN,

having unauthorized possession of, and control over a document, writing, and plan relating to the national defense, and information relating to the national defense that was classified up to the SECRET level, which information the defendant had reason to believe could be used to the injury of the United States and to the advantage of a foreign nation, namely, electronic documents in a file labeled "JTFB PST.pst", taken from a classified e-mail account of the JTF-B Commander, willfully retained the same and failed to deliver them to the officer and employee of

3

the United States entitled to receive them, in violation of Title 18, United States Code, Section 793(e).

3. It is further alleged that this violation involved the unauthorized possession and control and willful retention and failure to deliver the following documents and files, which are classified at the SECRET level:

 A. Seminar 1, Strategic Seminar Series, dated 28 January 2012

 B. Seminar 2, Strategic Seminar Series, dated 21 March 2012

 C. Seminar 3, Strategic Seminar Series, dated 14 May 2012

 D. Information Paper on Qatar Key Issues

 E. Information Paper on Saudi Arabia Key Issues

 F. Information Paper on United Arab Emirates Key Issues

 G. Information Paper on Bahrain Key Issues

 H. Electronic mail message dated June 13, 2012, Concerning Security of U.S. Personnel in Iraq

## COUNT 2
### (Theft and Conversion of Government Property)
### (18 U.S.C. § 641)

1. The General Allegations set forth in paragraphs 1-7 of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2. On or about June 17, 2012, at Soto Cano Air Base, Honduras, with Palm Beach County in the Southern District of Florida being the district where the defendant was arrested and the district of the last known residence of the defendant, the defendant,

**CHRISTOPHER R. GLENN,**

did knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another a record and thing of value of the United States, and of a department and agency thereof, with an aggregate value exceeding $1,000, namely, electronic documents in a file labeled "JTFB PST.pst", taken from a classified e-mail account of the JTF-B Commander, belonging to the United States Department of Defense, in violation of Title 18, United States Code, Section 641.

## COUNT 3
### (Theft and Conversion of Government Property)
### (18 U.S.C. § 641)

1.     The General Allegations set forth in paragraphs 1-7 of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.     On or about June 15, 2012, at Soto Cano Air Base, Honduras, with Palm Beach County in the Southern District of Florida being the district where the defendant was arrested and the district of the last known residence of the defendant, the defendant,

### CHRISTOPHER R. GLENN,

did knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another a record and thing of value of the United States, and of a department and agency thereof, with an aggregate value exceeding $1,000, namely, electronic documents taken from the unclassified e-mail account of the JTF-B Commander, belonging to the United States Department of Defense, in violation of Title 18, United States Code, Section 641.

## COUNT 4
### (Theft and Conversion of Government Property)
### (18 U.S.C. § 641)

1.     The General Allegations set forth in paragraphs 1-7 of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.       On or about May 29, 2012, at Soto Cano Air Base, Honduras, with Palm Beach County in the Southern District of Florida being the district where the defendant was arrested and the district of the last known residence of the defendant, the defendant,

**CHRISTOPHER R. GLENN,**

did knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another a record and thing of value of the United States, and of a department and agency thereof, with an aggregate value exceeding $1,000, namely, electronic documents taken from the unclassified e-mail account of the JTF-B Deputy J2 Officer, belonging to the United States Department of Defense, in violation of Title 18, United States Code, Section 641.

**COUNT 5**
**(Computer Intrusion)**
**(18 U.S.C. § 1030(a)(1))**

1.       The General Allegations set forth in paragraphs 1-7 of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.       On or about June 17, 2012, at Soto Cano Air Base, Honduras, with Palm Beach County in the Southern District of Florida being the district where the defendant was arrested and the district of the last known residence of the defendant, the defendant,

**CHRISTOPHER R. GLENN,**

having knowingly and intentionally exceeded authorized access to a computer, that is, the classified computer system containing electronic files of the JTF-B Commander, and by means of such conduct having obtained information that has been determined by the United States Government pursuant to an executive order to require protection against unauthorized disclosure for reasons of national defense and foreign relations, namely, electronic documents in a file labeled "JTFB PST.pst", taken from the classified e-mail account of the JTF-B Commander

located in the Secret Internet Protocol Router (SIPR) system, which contained information classified up to the SECRET level, with reason to believe that such information could be used to the injury of the United States, and to the advantage of a foreign nation, willfully retained the same and failed to deliver it to the officer and employee of the United States entitled to receive it, in violation of Title 18, United States Code, Section 1030(a)(1).

## COUNT 6
### (Computer Intrusion)
### (18 U.S.C. § 1030(a)(2)(B))

1.     The General Allegations set forth in paragraphs 1-7 of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.     On or about June 15, 2012, at Soto Cano Air Base, Honduras, with Palm Beach County in the Southern District of Florida being the district where the defendant was arrested and the district of the last known residence of the defendant, the defendant,

### CHRISTOPHER R. GLENN,

knowingly and intentionally exceeded authorized access to a computer, that is, the unclassified computer system containing electronic files of the JTF-B Commander, and thereby obtained information from a department and agency of the United States, that is, the Department of Defense, specifically, electronic documents taken from the unclassified e-mail account of the JTF-B Commander, in violation of Title 18, United States Code, Section 1030(a)(2)(B).

3.     Pursuant to Title 18, United States Code, Section 1030(c)(2)(B)(ii), it is further alleged that the offense was committed in furtherance of a criminal act in violation of the laws of the United States, that is, knowingly and willfully embezzling, stealing, purloining, and converting to his use and the use of another a record and thing of value of the United States, in violation of Title 18, United States Code, Section 641, as alleged in Count 3.

<u>**COUNT 7**</u>
**(Computer Intrusion)**
**(18 U.S.C. § 1030(a)(2)(B))**

1.     The General Allegations set forth in paragraphs 1-7 of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.     On or about May 29, 2012, at Soto Cano Air Base, Honduras, with Palm Beach County in the Southern District of Florida being the district where the defendant was arrested and the district of the last known residence of the defendant, the defendant,

**CHRISTOPHER R. GLENN,**

knowingly and intentionally exceeded authorized access to a computer, that is, the unclassified computer system containing electronic files of the JTF-B Deputy J2 Officer, and thereby obtained information from a department and agency of the United States, that is, the Department of Defense, specifically, electronic documents taken from the unclassified e-mail account of the JTF-B Deputy J2 Officer, in violation of Title 18, United States Code, Section 1030(a)(2)(B).

3.     Pursuant to Title 18, United States Code, Section 1030(c)(2)(B)(ii), it is further alleged that the offense was committed in furtherance of a criminal act in violation of the laws of the United States, that is, knowingly and willfully embezzling, stealing, purloining, and converting to his use and the use of another a record and thing of the United States, in violation of Title 18, United States Code, Section 641, as alleged in Count 4.

## COUNT 8
**(Structuring Financial Transactions)**
**(31 U.S.C. § 5324(a)(3))**

On or about August 31, 2012, in Palm Beach County, in the Southern District of Florida, the defendants,

**CHRISTOPHER R. GLENN,**
**and**
**KHADRAA A. GLENN,**

did knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, structure and assist in structuring, and attempt to structure and assist in structuring transactions with a domestic financial institution, as set forth below:

| Bank Branch Location | Financial Transaction |
| --- | --- |
| Bank of America, Okeechobee & Jog | Cash withdrawal in the amount of $5,000.00 |
| Bank of America, Okeechobee & Jog | Cash withdrawal in the amount of $4,500.00 |
| Bank of America, Palm Beach Lakes | Cash withdrawal in the amount of $7,500.00 |
| Bank of America, Crosstown Plaza | Cash withdrawal in the amount of $7,500.00 |
| Bank of America, Crosstown Plaza | ATM cash withdrawal in the amount of $700.00 |
| Bank of America, Crosstown Plaza | ATM cash withdrawal in the amount of $800.00 |
| Bank of America, Crosstown Plaza | ATM cash withdrawal in the amount of $700.00 |
| Bank of America, Crosstown Plaza | ATM cash withdrawal in the amount of $800.00 |

In violation of Title 31, United States Code, Section 5324(a)(3), and Title 18, United States Code, Section 2.

## COUNT 9
**(Structuring Financial Transactions)**
**(31 U.S.C. § 5324(a)(3))**

On or about September 19, 2012, in Palm Beach County, in the Southern District of Florida, the defendants,

**CHRISTOPHER R. GLENN,**
**and**
**KHADRAA A. GLENN,**

did knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, structure and assist in structuring, and attempt to structure and assist in structuring transactions with a domestic financial institution, as set forth below:

| Bank Branch Location | Financial Transaction |
|---|---|
| Bank of America, Crosstown Plaza | Cash withdrawal in the amount of $8,500.00 |
| Bank of America, Crosstown Plaza | Cash withdrawal in the amount of $2,500.00 |
| Bank of America, Okeechobee & Jog | ATM cash withdrawal in the amount of $800.00 |
| Bank of America, Okeechobee & Jog | ATM cash withdrawal in the amount of $700.00 |
| Bank of America, Okeechobee & Jog | ATM cash withdrawal in the amount of $800.00 |
| Bank of America, Okeechobee & Jog | ATM cash withdrawal in the amount of $700.00 |
| Bank of America, Okeechobee & Jog | Cash withdrawal in the amount of $1,700.00 |

In violation of Title 31, United States Code, Section 5324(a)(3), and Title 18, United States Code, Section 2.

## COUNT 10
### (Conspiracy To Commit Naturalization Fraud)
### (18 U.S.C. § 371)

1.      The General Allegation set forth in paragraph 8 of this Indictment is re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.      From on or about April 19, 2007, through on or about June 29, 2010, with Palm Beach County in the Southern District of Florida being the district where the defendants were arrested and the district of the last known residence of the defendants, the defendants,

### CHRISTOPHER R. GLENN,
### and
### KHADRAA A. GLENN,

did knowingly and willfully combine, conspire, confederate, and agree with each other to commit an offense against the United States, that is, to violate Title 18, United States Code, Section 1425(a), by procuring naturalization, and evidence of naturalization and citizenship for the defendant, **KHADRAA A. GLENN**, contrary to law.

### PURPOSE AND OBJECT OF THE CONSPIRACY

3.      It was the purpose and object of the conspiracy for the defendants to fraudulently obtain naturalization and citizenship for **KHADRAA A. GLENN**, contrary to law.

### MANNER AND MEANS OF THE CONSPIRACY

4.      The manner and means by which **CHRISTOPHER R. GLENN** and **KHADRAA A. GLENN** sought to accomplish the purpose and object of the conspiracy included, among others, the following:

A.      **CHRISTOPHER R. GLENN** and **KHADRAA A. GLENN** agreed with each other to fraudulently apply for a United States immigrant visa on behalf of **KHADRAA A. GLENN**, in order to obtain her permanent residence and naturalization based on their marriage.

11

B.      In response to a request from the Department of Homeland Security's United States Citizenship and Immigration Services (USCIS) to prove that **CHRISTOPHER R. GLENN**'s purported divorce from his first wife, "M.T.A.," in Jordan was legally valid, **CHRISTOPHER R. GLENN** and **KHADRAA A. GLENN** agreed with each other to obtain a blank Jordanian lease agreement and to fraudulently alter the lease agreement to make it appear that **CHRISTOPHER R. GLENN** resided in Jordan at the time of his purported divorce.

C.      **CHRISTOPHER R. GLENN** and **KHADRAA A. GLENN** obtained a blank Jordanian lease agreement and altered it to make it appear as two original lease agreements purporting to show that **CHRISTOPHER R. GLENN** resided in Jordan from October 2005 until April 26, 2007, in order to suggest that **CHRISTOPHER R. GLENN**'s purported divorce from his first wife, "M.T.A.," was legal.

D.      **CHRISTOPHER R. GLENN** and **KHADRAA A. GLENN** submitted the two fraudulent Jordanian lease agreements to the USCIS to suggest that **CHRISTOPHER R. GLENN** resided in Jordan at the time of his purported divorce from his first wife, "M.T.A.," in order to make **KHADRAA A. GLENN** eligible for United States residency, naturalization and citizenship.

## OVERT ACTS

5.      In furtherance of the conspiracy, and to accomplish its purpose and object, at least one of the conspirators committed or caused to be committed at least one of the following overt acts, among others:

A.      On or about April 19, 2007, **CHRISTOPHER R. GLENN** signed and submitted to USCIS a Relative Immigrant Visa Petition Form I-130 on behalf of **KHADRAA A.**

GLENN stating that he divorced his first wife, "M.T.A.," on December 20, 2006, and that **CHRISTOPHER R. GLENN** and **KHADRAA A. GLENN** were married on March 23, 2007.

     B.     On or about January 16, 2008, in response to a demand from USCIS for proof that his purported divorce from "M.T.A." in Jordan was legally valid, **CHRISTOPHER R. GLENN** sent an e-mail message to several e-mail addresses requesting: "I just need a rental lease for an apartment in Amman, Jordan.  It should be blank (empty) and in Arabic.  I will translate it to English, but it is so urgent please help me."

     C.     On or about January 16, 2008, **CHRISTOPHER R. GLENN** sent an e-mail message to **KHADRAA A. GLENN** requesting: "Please email alit1954@yahoo.com and ask him to get me a blank (empty) 1 page basic rental agreement (lease) from Amman, Jordan in Arabic.  His name is Ali, and works for Barih company.  He doesn't write or read English, so I need your help to create the email.  Please CC me so I can ask Ziad and everyone else I know later with your email."

     D.     On or about January 16, 2008, **KHADRAA A. GLENN** replied to an e-mail message from **CHRISTOPHER R. GLENN** stating: "See the Arabic writing below:-) hope that helps:-) basically I am requesting his help to write a rental agreement or if he has one he can send it to me by email through scan it."

     E.     On or about January 16, 2008, **CHRISTOPHER R. GLENN** received an e-mail message with an attachment entitled "rental agreement lease.doc" from an individual using the email address ziad@ziadcom.com.

     F.     On or about January 16, 2008, **CHRISTOPHER R. GLENN** sent an e-mail message to **KHADRAA A. GLENN** asking: "Is this good? Can you can you change it to Amman, Jordan?..."

G.      On or about January 16, 2008, **KHADRAA A. GLENN** replied to an e-mail message from **CHRISTOPHER R. GLENN** stating: "It is great, is the rules in the rent agreement Egyptian or Jordanian?  If it is Egyptian then we can only use the first page because the rest of the pages stating Egyptian rules but not Jordanian."

H.      On or about February 2, 2008, **KHADRAA A. GLENN** sent an e-mail message to **CHRISTOPHER R. GLENN** with an attachment entitled "3 – Exhibit A – Rental Agreement Lease.doc".

I.      On or about February 2, 2008, **KHADRAA A. GLENN** sent an e-mail message to **CHRISTOPHER R. GLENN** with a subject line stating "FW: 3 rent Agreement (UNCLASSIFIED)", with an attachment entitled "Document.pdf", which contained two signed Jordanian lease agreements, each with a corresponding English translation purporting to show that **CHRISTOPHER R. GLENN** leased an apartment in Amman, Jordan, from October 2005 until April 26, 2007.

J.      On or about February 2, 2008, in response to a USCIS request for proof that he resided in Jordan at the time of his purported Jordanian divorce, **CHRISTOPHER R. GLENN** sent a letter dated February 1, 2008, to USCIS claiming that he had leased an apartment in Amman, Jordan, from October 2005 to April 26, 2007, and attaching as "Exhibit A" the same two Jordanian lease agreements, each with a corresponding English translation that **KHADRAA A. GLENN** had sent to **CHRISTOPHER R. GLENN** in a February 2, 2008, email message that had an attachment entitled "Document.pdf".

K.      On or about December 10, 2009, **KHADRAA A. GLENN** signed an Application for Naturalization Form N-400, attaching a purported Jordanian divorce decree dated

14

April 22, 2007, to attempt to prove that **CHRISTOPHER R. GLENN** had legally divorced his first wife, "M.T.A.," on April 22, 2007.

        L.     On the Application for Naturalization Form N-400, **KHADRAA A. GLENN** stated, under penalty of perjury, that she had not "ever given false or misleading information to any U.S. government official while applying for any immigration benefit," when in truth and in fact, and as **KHADRAA A. GLENN** then and there well knew, she and **CHRISTOPHER R. GLENN** had given false and misleading information to a U.S. government official while applying for an immigration benefit.

    All in violation of Title 18, United States Code, Section 371.

**COUNT 11**
**(Naturalization Fraud)**
**(18 U.S.C. § 1425(a))**

    1.     The General Allegation set forth in paragraph 8 of this Indictment is re-alleged and incorporated by reference into this Count as though fully set forth herein.

    2.     On or about April 20, 2007, with Palm Beach County in the Southern District of Florida being the district where the defendants were arrested and the district of the last known residence of the defendants, the defendants,

**CHRISTOPHER R. GLENN,**
**and**
**KHADRAA A. GLENN,**

did knowingly attempt to procure naturalization, and evidence of naturalization and citizenship for **KHADRAA A. GLENN,** contrary to law, in that **CHRISTOPHER R. GLENN** represented to USCIS that he was divorced from "M.T.A." on December 20, 2006, when in truth and in fact, and as he then and there well knew, he was not divorced from "M.T.A." on December 20, 2006, in violation of Title 18, United States Code, Sections 1425(a) and 2.

15

## COUNT 12
### (Naturalization Fraud)
### (18 U.S.C. § 1425(a))

1.      The General Allegation set forth in paragraph 8 of this Indictment is re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.      On or about February 2, 2008, with Palm Beach County in the Southern District of Florida being the district where the defendants were arrested and the district of the last known residence of the defendants, the defendants,

**CHRISTOPHER R. GLENN,**
**and**
**KHADRAA A. GLENN,**

did knowingly attempt to procure naturalization, and evidence of naturalization and citizenship for **KHADRAA A. GLENN,** contrary to law, in that the defendants obtained and submitted to USCIS two forged, altered and fraudulent Jordanian lease agreements, in violation of Title 18, United States Code, Sections 1425(a) and 2.

## COUNT 13
### (Naturalization Fraud)
### (18 U.S.C. § 1425(a))

1.      The General Allegation set forth in paragraph 8 of this Indictment is re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.      On or about December 10, 2009, with Palm Beach County in the Southern District of Florida being the district where the defendant was arrested and the district of the last known residence of the defendant, the defendant,

**KHADRAA A. GLENN,**

did knowingly attempt to procure naturalization, and evidence of naturalization and citizenship for herself, contrary to law, in that **KHADRAA A. GLENN** falsely represented in her USCIS

16

Application for Naturalization N-400 Form that she had never given false or misleading information to any U.S. government official while applying for an immigration benefit, when in truth and in fact, and as the defendant then and there knew, she had given false and misleading information to a U.S. government official while applying for an immigration benefit, namely, two forged, altered and fraudulent Jordanian lease agreements, in violation of Title 18, United States Code, Sections 1425(a) and 2.

## COUNT 14
### (Naturalization Fraud)
### (18 U.S.C. § 1425(a))

1.     The General Allegation set forth in paragraph 8 of this Indictment is re-alleged and incorporated by reference into this Count as though fully set forth herein.

2.     On or about December 10, 2009, with Palm Beach County in the Southern District of Florida being the district where the defendant was arrested and the district of the last known residence of the defendant, the defendant,

### KHADRAA A. GLENN,

did knowingly attempt to procure naturalization, and evidence of naturalization and citizenship for herself, contrary to law, in that **KHADRAA A. GLENN** falsely represented in her USCIS Application for Naturalization N-400 Form that she had listed every place where she had worked for the previous five years, when in truth and in fact, and as the defendant then and there well knew, she did not list every place where she had worked for the previous five years, in violation of Title 18, United States Code, Section 1425(a).

## COUNT 15
### (Obstruction of Justice)
### (18 U.S.C. § 1512(c)(2))

On or about February 28, 2014, in Palm Beach County, in the Southern District of Florida, the defendant,

### CHRISTOPHER R. GLENN,

did knowingly and corruptly attempt to obstruct, influence, and impede an official proceeding, that is, case number 14-80031-CR-MARRA(s), by sending a message to another person directing the person to disconnect a computer network attached storage (NAS) server containing electronic evidence, in violation of Title 18, United States Code, Section 1512(c)(2).

### FORFEITURE ALLEGATIONS

1.      The allegations of this Second Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, **CHRISTOPHER R. GLENN** and **KHADRAA A. GLENN,** have an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 793(e), as alleged in this Second Superseding Indictment, the defendant, **CHRISTOPHER R. GLENN,** shall forfeit to the United States of America all of his right, title and interest in the following:

(a)      any property constituting, or derived from, any proceeds obtained, directly or indirectly, from any foreign government, or any faction or party or military or naval force within a foreign country, whether recognized or unrecognized by the United States, as the result of such violation, pursuant to Title 18, United States Code, Section 793(h)(1); and

(b)    any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.    Upon conviction of a violation of Title 18, United States Code, Section 641, as alleged in this Second Superseding Indictment, the defendant, **CHRISTOPHER R. GLENN**, shall forfeit to the United States of America all of his right, title and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

4.    Upon conviction of a violation of Title 18, United States Code, Section 1030(a)(1) or (a)(2)(B), as alleged in this Second Superseding Indictment, the defendant, **CHRISTOPHER R. GLENN**, shall forfeit to the United States of America all of his right, title and interest in any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2).

5.    Upon conviction of a violation of Title 31, United States Code, Section 5324(a)(3), as alleged in this Second Superseding Indictment, the defendants, **CHRISTOPHER R. GLENN** and **KHADRAA A. GLENN**, shall forfeit to the United States of America all of their right, title and interest in all property, real or personal, involved in such violation, and in any property traceable thereto, pursuant to Title 31, United States Code, Section 5317(c)(1)(A).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 982(a)(2),

Title 31, United States Code, Section 5317(c)(1)(A), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____, Chief, Crm Div
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
RICARDO A. DEL TORO
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

CHRISTOPHER R. GLENN
and
KHADRAA A. GLENN,

_____ Defendants. _____ /

CASE NO. ___14-80031-CR-MARRA(s)(s)___

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

_____ Miami       _____ Key West
_____ FTL      X  WPB      _____ FTP

New Defendant(s)           Yes _____   No   X
Number of New Defendants
Total number of counts            16

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:     (Yes or No)     No
     List language and/or dialect _____

4.   This case will take   11-20   days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)

     I     0  to  5 days     _____
     II    6  to 10 days     _____
     III   11 to 20 days       X
     IV    21 to 60 days     _____
     V     61 days and over  _____

     (Check only one)

     Petty     _____
     Minor     _____
     Misdem.   _____
     Felony      X

6.   Has this case been previously filed in this District Court? (Yes or No)          Yes
     If yes:
     Judge:                                    Case No.   14-80031-CR-MARRA
     (Attach copy of dispositive order)
     Has a complaint been filed in this matter?      (Yes or No)      Yes
     If yes:
     Magistrate Case No.                 14-8097-DLB
     Related Miscellaneous numbers:
     Defendant(s) in federal custody as of   Khadraa A. Glenn: 3/13/14; Christopher R. Glenn: 2/27/14
     Defendant(s) in state custody as of
     Rule 20 from the District of _____

     Is this a potential death penalty case? (Yes or No)      No

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?          Yes     X  No

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____     Yes     X  No

                                        _____
                                        RICARDO A. DEL TORO
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Florida Bar No. 957585

*Penalty Sheet(s) attached                                          REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:** **CHRISTOPHER R. GLENN**

Case No:   14-80031-CR-Marra(s)(s)

Count #:1

Unauthorized Possession and Willful Retention of National Defense Information

18 U.S.C. § 793(e)

**\*Max. Penalty:** 10 years' imprisonment

Counts #: 2-4

Theft and Conversion of Government Property

18 U.S.C. § 641

**\*Max. Penalty:** 10 years' imprisonment

Count #: 5

Computer Intrusion

18 U.S.C. § 1030(a)(1)

**\*Max. Penalty:** 10 years' imprisonment

Counts #: 6-7

Computer Intrusion

18 U.S.C. § 1030(a)(2)(B)

**\*Max. Penalty:** 5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** **CHRISTOPHER R. GLENN**

Case No:   14-80031-CR-Marra(s)(s)

Counts #: 8-9

Structuring Financial Transactions

31 U.S.C. § 5324(a)(3)

**\*Max. Penalty:** 5 years' imprisonment

Count #:10

Conspiracy to Commit Naturalization Fraud

18 U.S.C. § 371

**\*Max. Penalty:** 5 years' imprisonment

Counts #: 11-12

Naturalization Fraud

18 U.S.C. § 1425(a)

**\*Max. Penalty:** 10 years' imprisonment

Count #: 15

Obstruction of Justice

18 U.S.C. § 1512(c)(2)

**\*Max. Penalty:** 20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** KHADRAA A. GLENN

**Case No:** 14-80031-CR-Marra(s)(s)

Counts #: 8-9

Structuring Financial Transactions

31 U.S.C. § 5324(a)(3)

**\*Max. Penalty:** 5 years' imprisonment

Count #: 10

Conspiracy to Commit Naturalization Fraud

18 U.S.C. § 371

**\*Max. Penalty:** 5 years' imprisonment

Counts #: 11-14

Naturalization Fraud

18 U.S.C. § 1425(a)

**\*Max. Penalty:** 10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**