UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80031-CR-MARRA/MATTHEWMAN(s)(s)

UNITED STATES OF AMERICA

vs.

CHRISTOPHER R. GLENN,
    Defendant.
_____/

### GOVERNMENT'S FOURTH SUPPLEMENTAL RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this Fourth Supplemental Response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    A copy of any written or recorded[1] statements made by the defendant is attached, and;

       2.    Although not required by Fed.R.Crim.P. 16, the Standing

---

[1] Defense counsel has been provided with additional electronic discovery including, but not limited to: the returns of a search warrant authorizing the search the defendant's and his co-defendant's Google accounts contains recorded statements of the defendant; an unclassified hard drive that Defendant Christopher Glenn used at JTF-B and other computer and electronic media seized from him at the time of his arrest, which contain recorded statements of the defendant; other additional computer and electronic media seized during the investigation of this case that may also contain statements of the defendant. Because of the large digital volume of those materials, defense has been provided an electronic copy of these materials by the FBI case agents in a 2-terabyte hard drive. Additional electronic evidence seized by Honduran police from defendant's residence in Honduras is available for inspection or copying including video surveillance images from defendant's Honduran home security system and miscellaneous other electronic equipment seized from that residence. Classified discovery has also been made available in electronic format to the defense and has been delivered to a defense secure space at the West Palm Beach Courthouse.

        Discovery Order or Local Rule 88.10, the government is voluntarily providing reports of witness interviews (attached) that do not constitute Jencks materials. The government is also voluntarily providing items which may constitute early Jencks materials (attached). All other Jencks materials will be provided at trial, in accordance with the Rules.

        Wherever the words "are/is attached" are used in this discovery response, they mean that the discovery materials have been provided to the defendant's counsel and/or are available for inspection and copying.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant are included in the attachments to this response. A discovery conference where other physical evidence, such as computer and electronic evidence, documents and records will be available for inspection at the FBI office may be arranged upon defense request. For the defense's convenience, copies of some of the documents, papers and items the government intends to use at trial have been previously provided; are attached to this discovery response; or have been made available for copying (see footnote 1) and additional materials are attached.

        The attachments to this discovery response are not necessarily copies of all the books, papers, physical evidence, documents, etc., that the government may intend to introduce at trial.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States renews its request for the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. To date, the government has received NO reciprocal discovery from the defendant.

H.     The government notifies the defense of its intent to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b) and the inextricably intertwined doctrine, as evidence that is necessary to complete the story of the charged crimes. The previously provided discovery and the attached documents contain materials relevant to the following facts proving the defendant's intent, motive, preparation, plan and modus operandi with respect to the charged offenses and which evidence is inextricably intertwined to and necessary to complete the story of the charged offenses:

    1. While working for KBR in Iraq, the defendant applied for and obtained a secret security clearance without his supervisor's knowledge or consent despite the fact that he did not require the

security clearance to perform his duties.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

Notwithstanding this lack of a defense request, at this time notice is given to the defendant that the government intends to call at least four qualified computer forensic experts to testify about computer forensic analysis performed which relates to the subject matter in this case. The reports of forensic analysis and CVs of the four experts have been previously provided. These reports constitute summaries of expert testimony pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. Additional reports of forensic analysis will be provided as they become available because they are in the process of declassification.

Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

The attachments to this response are contained in a disk labeled # 26 containing documents numbered pages 6025- 6635. Five additional disks labeled # 27-31 are also attached. The entire discovery provided to defendant is covered under the Court's Protective Order, DE:29. Please contact the undersigned Assistant United States Attorney if any pages or disks are missing.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: s/ Ricardo A. Del Toro
RICARDO A. DEL TORO
Assistant United States Attorney
National Security Section
Florida Bar No. 0957585
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9182
Fax: (305) 536-4675
"Ricardo.Del.Toro@usdoj.gov"

cc: SA Carlos Tomala, SA Bradley Howell

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing (without attachments) was filed by electronically through CM/ECF and that a disk containing the numbered attachments and two additional disks were sent by Fedex on November 10, 2014, to:

Patrick McKamey, Esq.
Counsel for Defendant Christopher R. Glenn
515 North Flagler Drive, Suite 701
West Palm Beach, Florida 33401

*s/ Ricardo A. Del Toro*
RICARDO A. DEL TORO
Assistant United States Attorney